UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CARPENTERS LABOR-MANAGEMENT )
PENSION FUND, )
101 Constitution Avenue, N.W. )    Case No.
Washington, D.C. 20001 )
                    )
  and )
                    )
ANDRIS J. SILINS, DENNIS DONAHOU, )
RICHARD TRAVIS and KEVIN LONG )
as Trustees of the CARPENTERS )
LABOR- MANAGEMENT PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
                    )
           Plaintiffs, )
                    )
    v. )
                    )
FALVEY FINISHING CO., INC., a Massachusetts )
corporation, also known as FALVEY FINISHING, )
                    )
          Defendant. )
                    )
_____ )

## COMPLAINT

Plaintiff, Carpenters Labor-Management Pension Fund ("Pension Fund"),
and Plaintiffs, Andris J. Silins, Dennis Donahou, Richard Travis and Kevin Long
("Trustees'), in their capacities as fiduciaries with respect to the Pension Fund
(together, the "PLAINTIFFS"), by and through the undersigned counsel, on
knowledge and on information and belief, complain of FALVEY FINISHING CO.,
INC., a Massachusetts corporation, also known as FALVEY FINISHING
("DEFENDANT") as follows:

## JURISDICTION

1.     This action arises under Section 515 of the Employee Retirement Income
Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, Section 301
of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29
U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to

those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court.

## VENUE

2.   Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3.   PLAINTIFF Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2),3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4.   PLAINTIFF Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.   In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on October 29 2004, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6.   The Trustees and the Pension Fund bring this action, in their respective capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7.   Upon information and belief, Defendant FALVEY FINISHING CO., INC., a Massachusetts corporation, also known as FALVEY FINISHING, is a Massachusetts corporation, under the laws of Massachusetts, and doing business in the State of Massachusetts and has a principal place of business at 111 Boston Street, Dorchester, Massachusetts 02125.

8.   DEFENDANT is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29, U.S.C. § 1002(12).

## ALLEGATIONS

9.   DEFENDANT is bound to a Collective Bargaining Agreement (the "CBA") with Carpenters, Mill-Cabinet & Industrial Workers Local Union 51, New England Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, known as the Shop and Mill Agreement.  A true and correct copy of the CBA is attached as Exhibit "1".

10.  DEFENDANT  has assumed certain reporting and contribution obligations relating to the CBA.

11.  The CBA sets forth the rate at which DEFENDANT agrees to make contributions to the Pension Fund on behalf of its employees.

12.  Pursuant to the CBA, DEFENDANT agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

13.  Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14.  Article V, Section 5.1 of the Trust Agreement requires an Employer, such as DEFENDANT, to contribute to the Pension Fund the amount set forth in the applicable CBA.

15.  Article V, Section 5.5 of the Trust Agreement requires an Employer to submit

Employer's Monthly Report ("REPORTS") on contributions to the Pension Fund, and states the "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

20. Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages, audit fees, attorneys' fees, and costs incurred by the Pension Fund.

21. Article III, paragraph (c)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750.00, or 20 percent of the delinquent contributions.

22.     Article IV, paragraph (a) of the Collection Procedures provides that it is the policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

23.     Article IV, paragraph (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

## CLAIM FOR DELINQUENT CONTRIBUTIONS
## AND OTHER RELIEF

24.     The allegations contained in Paragraph 1 through 23 are hereby incorporated as if stated in full.

25.     DEFENDANT failed to properly report and make contributions pursuant to the terms of the CBA and Trust Agreement.

26.     Based on this failure, the current amount owed is $16,716.15 in contributions. True and correct copies of the Payroll Audit Invoice and Breakdown are attached hereto, marked respectively as Exhibits "2" and "3" and incorporated herein by reference.

27.     The Pension Fund has issued demands upon DEFENDANT demanding that the DEFENDANT comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the CBA and Trust Agreement

28.     DEFENDANT has not complied with the Pension Fund's demands.

29.     On October 22, 2013, the Pension Fund, through Counsel, issued a further demand upon DEFENDANT demanding that the DEFENDANT immediately remit the delinquent contributions, with accrued interest.

30.     DEFENDANT has not complied with the Pension Fund's Counsel's demand letter.

31.   To date, DEFENDANT remains delinquent and has failed to pay any of the contribution deficiency, or any of the accrued interest, as required by the terms and conditions of the CBA and the Trust Agreement.

32.   DEFENDANT's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in DEFENDANT currently owing the Pension Fund contributions of $16,716.15.  In addition, interest and liquidated damages are due on this amount.

33.   DEFENDANT continues to fail to submit and pay its Reports.  It is Plaintiffs' information and belief that DEFENDANT was and is performing work covered under the CBA during this period.

34.   DEFENDANT's delinquency has also resulted in DEFENDANT owing the Pension Fund reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.


**WHEREFORE**, Plaintiffs pray that the following relief be granted:

A.   An injunction enjoining DEFENDANT from violating the terms of the CBA and Trust Agreement;

B.   A judgment be entered against DEFENDANT for contributions owed to the Pension Fund, in the amount of $16,716.15;

C.   A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures;

D.   A judgment for the greater of interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures or liquidated damages in the amount of $2,835.05, in accordance

///

///

///

with the Trust Agreement and the Collection Procedures and as permitted by ERISA Section 502(g), 29 U.S.C. § 1132(g);

E.     A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;

F.     Such other further relief as the Court deems just and proper.

Dated:   September 13, 2016

*Brian H. Quinn*

Brian Quinn, Esq.
D.C. Bar No. 447619
a member of
DeCARLO & SHANLEY,
a Professional C`orporation
101 Constitution Ave. N.W.
Tenth Floor
Washington, D.C. 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com